Draft - 03/08/2013

**United States Bankruptcy Court for the** <u>Northern</u>   **District of** <u>Indiana</u>

Debtor(s):   **DAVIS, TiffanyAnn**
Case No.:   **14-23156-kl**
Date:   **October 8, 2014**

☐ Check if this is an amended plan

Official Form XXXX
# Chapter 13 Plan

## Part 1: Notice to Interested Parties

*Check all that apply:*

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.

☑ The plan sets out nonstandard provisions in Part 9.

**Important Notice: Your rights may be affected. Your claim may be reduced, modified, or eliminated.**

You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Plan treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a proof of claim—or one must be filed on your behalf—in order for you to be paid under any plan that may be confirmed.

## Part 2: Plan Payments and Length of Plan

2.1   Debtor(s) will pay to the trustee   $ **725.00** per **mo.** for **24** months, and

$ **1,255.00** per **mo.** for **36** months.

2.2   **Payments to the trustee will be made from future earnings in the following manner:**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.

2.3   **Additional payments to the trustee will be made as follows:**

*Check all that apply:*
☑ Debtor(s) will turn over to the trustee:
  ☐ any tax refunds received during the plan term
  ☑ any tax refunds in excess of   $ **750.00**   received during the plan term
☐ Other sources of funding, including the sale of property. Describe the source, amount, and date when available:

2.4   The estimated total amount of plan payments is   $ **62,580.00**   .

2.5   The applicable commitment period is:   ☐ 36 months   ☑ 60 months

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of any default

☑ none  [if "none" is checked, the rest of § 3.1 need not be completed or reproduced]

The debtor(s) will maintain the contractual installment payments and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, (1) the amounts listed on the proof of claim control over any contrary amounts listed below as to the current installment payment and arrearage, and (2) if relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, all payments under this plan as to that collateral will cease and all claims as to that collateral will no longer be treated by the plan. The final column includes only payments disbursed by trustee rather than by the debtor.

| Name of creditor | Collateral | Current installment payment (including escrow payment) | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage or other payment arrangement | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Indiana Dept of Revenue PoC #4 | Personal Property | $38.82 Disbursed by: ☑ Trustee ☐ Debtor(s) | n/a. | n/a. | n/a. | $2,329.08 See Part 9. |
| Internal Revenue Service PoC #1 | Personal Property | $26.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | n/a. | n/a. | n/a. | $1,560.00 See Part 9. |

### 3.2 Request for valuation of security and claim modification

☑ none  [if checked, the rest of § 3.2 need not be completed or reproduced]

*This paragraph will only be effective if the applicable box in Part 1 of this plan is checked.*

The debtor(s) request that the court determine the value of the secured claims listed below, except for the claims of governmental units. For each non-governmental secured claim as to which a proof of claim has been filed in accordance with Bankruptcy Rule 3001, the debtors state that the value of the secured claim should be as stated below in the column headed "Amount of secured claim." For secured claims of governmental units, unless otherwise ordered by the court, the amounts listed in proofs of claim filed in accordance with Bankruptcy Rule 3001 control over any contrary amounts listed below. For each listed secured claim, the controlling amount of the claim will be paid in full under the plan with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's claim listed on the proof of claim controls over any contrary amounts listed under Part 5 as to the unsecured portion, if any, of the claim.

The holder of any secured claim, other than a claim treated in Part 3, Section 3.1, will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**3.3  Secured claims excluded from 11 U.S.C. § 506**

☐ none  [if checked, the rest of § 3.3 need not be completed or reproduced]

The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount listed on the proof of claim controls over any contrary amounts listed below. The final column includes only payments disbursed by trustee rather than by the debtor.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| First Investors PoC #3 | 2012 Nissan Maxima | $25,174.41 | 5.25% | $ 477.96<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $28,677.66 |
|  |  |  |  | $ _____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |

**3.4  Lien avoidance**

☑ none  [if checked, the rest of Section § 3.4 need not be completed or reproduced]

*This paragraph will only be effective if the applicable box on Part 1 of this plan is checked.*

The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U. S. C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5. The calculation of the amount of the judicial lien or security interest that is avoided is shown on Exhibit A, which is attached to this Plan and incorporated herein by reference. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U. S. C. § 522(f) and Bankruptcy Rule 4003(d).

| Name of creditor | Collateral | Amount of secured claim after avoidance | Interest rate (if applicable) | Monthly plan payment (if applicable) | Estimated total amount of secured claim |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**3.5  Surrender of collateral**

☑ none  [if "none" is checked, the rest of § 3.5 need not be completed or reproduced]

The debtor(s) elect to surrender to the creditors listed below the personal or real property that is collateral for the claim. The debtor(s) consent to termination of the stay under § 362(a) and § 1301 with respect to the collateral upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
|  |  |

## Part 4: Treatment of Trustee's Fees and Administrative and Other Priority Claims

### 4.1 General

All allowed priority claims other than those treated in § 4.5 will be paid in full without interest, unless otherwise stated.

### 4.2 Trustee's fees   Paid pursuant to Statute.

These fees are estimated to be __6.00__ % of plan payments; and during plan term, they are estimated to total $__3,535.00__.

### 4.3 Attorney's fees

The balance of the fees owed to the attorney of the debtor(s) is estimated to be $ __3,400.00__.

### 4.4 Other priority claims

☑ none   [if checked, the rest of § 4.4 need not be completed or reproduced]

The following are the debtor's estimates of the amount of such claims.

| Name of creditor | Basis for priority treatment | Estimated amount of claim to be paid | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| Indiana Department of Revenue PoC #4 | Governmental Tax | $6,966.06 | 0.00 | $6,966.06 See Part 9 |
| Internal Revenue Service PoC #1 | Governmental Tax | $15,986.33 | 0.00 | $15,986.33 See Part 9 |

### 4.5 Domestic support obligations assigned to a governmental unit and paid less than full amount

☑ none   [if checked, the rest of § 4.5 need not be completed or reproduced]

The allowed priority claims listed below are based on a domestic support obligation that has been assigned to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|
|  |  |  |  |

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Maintenance of payments and cure of any default

☑ none   [if checked, the rest of § 5.1 need not be completed or reproduced]

The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan.

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
|  | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) |  |  |
|  | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) |  |  |

**5.2 Separately classified nonpriority unsecured claims**

[✓] none   [if checked, the rest of § 5.2 need not be completed or reproduced]

The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount of claim to be paid | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| | | | | |

**5.3 Nonpriority unsecured claims**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, up the full amount of the claims, as follows:

*Check all that apply:*

[ ] the sum of $_____, unless a greater amount is required under another checked option;

[ ] _____% of the total amount of these claims;

[✓] the funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7 nonpriority unsecured claims would be paid approximately $ 0.00 . Payments on allowed nonprioirty unsecured claims will not be less than this amount.

**5.4 Interest**

Interest on allowed unsecured claims, other than separately classified nonpriority unsecured claims, will (check the applicable box):

[✓] Not be paid

[ ] Be paid at an annual percentage rate of _____% under 11 U.S.C. § 1325(a)(4), and is estimated to total $ _____.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** All executory contracts and unexpired leases are rejected, except those listed below, which are assumed and will be treated as provided for below or under another specified provision of the plan.

[✓] none to be assumed   [if checked, the rest of § 6.1 need not be completed or reproduced]

The final column includes only payments disbursed by trustee rather than by the debtor.

| Name of creditor | Property description | Treatment (Refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | | $_____ Disbursed by: [ ] Trustee [ ] Debtor(s) | | |
| | | | $_____ Disbursed by: [ ] Trustee [ ] Debtor(s) | | |

## Part 7: Order of Distribution of Trustee Payments

**7.1** The trustee will make payments in the estimated amounts shown on Exhibit B, in the following order:

a. Trustee fees per statute

b. Monthly payments on secured claims

c. Administrative claims as provided and approved by Court

d. Priority claims as provided and approved by Court

e. Payment on secured claims arrears, if any

f. Separately classified unsecured claims

g. All other non-priority unsecured claims

h.

### Part 8: Vesting of Property of the Estate

8.1 Property of the estate shall revest in the debtor(s) upon

*Check the applicable box:*

☐ Plan confirmation    ☐ Closing of case    ☑ Other: __Upon Discharge, Dismissal, or as provided and allowed by Court__

### Part 9: Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below.* **These plan provisions will only be effective if the applicable box in Part 1 of this plan is checked.**

Debtor has completed all federal and state tax returns. The claims of the IRS (PoC #1) and IDR (PoC #4) will likely be modified based on the actual filings and the respective reviews.

Debtor proposes a graduated payment plan as to the federal and state priority tax liability. Debtor anticipates obtaining a new position which will provide her additional income. The additional income will allow Debtor to better maintain her necessary expenditures.

### Part 10: Signatures

The debtor's attorney (or debtor, if not represented by an attorney) certifies that all provisions of this plan are identical to the Official Form XXX, except for language contained in Part 9 - "Nonstandard Plan Provisions."

**Debtors**
(Sign if not represented by an attorney)

✗ _____
Signature of debtor

Date _____
MM / DD / YYYY

✗ _____
Signature of debtor

Date _____
MM / DD / YYYY

**Debtors' Attorney**

✗ _____(signature)_____
Signature of debtor's attorney **(Drew C. Rhed)**

Date __10/08/2014__
MM / DD / YYYY

## Chapter 13 Plan Exhibits

### Exhibit A - Calculation of lien avoidance

A.1   The judicial lien or nonpossessory, nonpurchase-money security interest provided for in Section 3.4 is avoided to the extent listed below:  *Do not complete if the plan involves no lien avoidance; if more than one lien is to be avoided, provide the information for each lien.*

| Name of creditor | Collateral | Judgment lien information (such as judgment date, date of lien recording, book and page number) | Calculation of lien avoidance | |
|---|---|---|---|---|
| | | | a. Amount of lien | $_____ |
| | | | b. Amount of all other liens | $_____ |
| | | | c. Value of claimed exemptions | $_____ |
| | | | d. Total: Lines a + b + c = line d | $_____ |
| | | | e. Value of debtor's interest in property | $_____ |
| | | | f. Subtract line e from line d | $_____ |
| | | | Extent of exemption impairment (*Check applicable box*): | |
| | | | ❏ **Line f is equal to or greater than line a.** The entire lien is avoided. | |
| | | | ❏ **Line f is less than line a.** A portion of the lien is avoided. | |
| | | | **Amount of lien not avoided:** Subtract line f from line a | $_____ |

### Exhibit B - Estimated amounts of trustee payments

B.1   The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

a.  **Current installment and arrearage payments on secured claims** (*Part 3, Section 3.1 total*):    $_____

b.  **Allowed secured claims** (*Part 3, Section 3.2 total*):    $ 3,889.08

c.  **Secured claims not subject to 11 U.S.C. § 506** (*Part 3, Section 3.3 total*):    $ 28,677.66

d.  **Judicial liens or security interests not avoided** (*Part 3, Section 3.4 total*):    $_____

e.  **Administrative and other priority claims** (*Part 4 total*):    $ 29,887.54

f.  **Current installment payments and arrearage payments on unsecured debts** (*Part 5, Section 5.1 total*):    $_____

g.  **Separately classified unsecured claims** (*Part 5, Section 5.2 total*):    $_____

h.  **Nonpriority unsecured claims** (*Part 5, Section 5.3 total*):    $_____

i.  **Interest on allowed unsecured claims** (*Part 5, Section 5.4 total*)    $_____

j.  **Arrearage payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*)    $_____

**Total of a through j** ...............................................................    $ 62,454.28